**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

JERRY KERR                                                                                    PLAINTIFF
ADC #138631

V.                                              NO: 5:11CV00214 JLH/HDY

JAMES WALKER *et al.*                                                             DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District
        Judge (if such a hearing is granted) was not offered at the
        hearing before the Magistrate Judge.

1

3.     The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

### DISPOSITION

Plaintiff Jerry Kerr, currently incarcerated at the Cummins Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint (docket entry #1), on August 25, 2011. Defendants are Cummins Unit employees James Walker, Michael Mosley, Clifton Collins, and Linda Capps, and ADC Assistant Director Grant Harris.

### I. Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to

2

relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.  *Twombly* at 570.  However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II.  Analysis

According to Plaintiff, his isolation cellmate made an implied threat to flood the cell on April 15, 2010.  As a result, guards turned off the water to the cell, and, Plaintiff contends, the water remained turned off for 30 hours.  Plaintiff asserts that he could only drink liquids with the three meals he had during the 30 hours, and that neither he nor his cellmate used the toilet, in order to prevent odor.  Plaintiff claims that the lack of water was made worse by the fact that the cell was not air conditioned, and he was losing fluids that he could not replenish.  Because the lack of running water, for the limited time Plaintiff has described, does not amount to a constitutional violation, Plaintiff's complaint should be dismissed.

Plaintiff is in essence claiming that he was subjected to unconstitutional conditions of confinement.  To prevail on a conditions of confinement claim, inmates must show: (1) the condition was serious enough to deprive them of the minimal civilized measure of life's necessities, or to constitute a substantial risk of serious harm, and (2) officials were deliberately indifferent to the inmates' health and safety.  *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir.1996); *Frye v. Pettis County Sheriff Dept.*, 41 Fed.Appx. 906, 907 (8th Cir. 2002)(unpub. per curiam).  The United States

Court of Appeals for the Eighth Circuit has held that similar circumstances do not deprive inmates of the minimal civilized measure of life's necessities. *See Williams v. Delo*, 49 F.3d 442, 444 (8th Cir. 1995)(inmate spent four days in strip cell without running water, hygiene supplies, and bedding). Moreover, there is no allegation that Plaintiff suffered any harm as a result of the denial of running water. Accordingly, Plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted.

### III.   Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2.      This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3.      The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   27   day of September, 2011.

_____
UNITED STATES MAGISTRATE JUDGE